UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY WILLIAMS,

    Plaintiff,                                  No. 19-12490

v.                                                District Judge Arthur J. Tarnow
                                                    Magistrate Judge R. Steven Whalen

SERGEANT JOHNSON, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE, GRANTING MODIFICATION OF SCHEDULING ORDER, AND GRANTING MOTION TO ENFORCE SUBPOENA [ECF No. 20]**

On August 23, 2019, Plaintiff filed a complaint under 42 U.S.C. § 1983, alleging Fourth and Fourteenth Amendment violations against Officers at the Detroit Detention Center ("DDC") and the City of Detroit. Defendant Johnson is specifically named, and the other two Officers, whose names are unknown at this time, are designated as "John Doe 1" and "John Doe 2." Plaintiff has experienced difficulty both in obtaining a correct address for service on Defendant Johnson, and in ascertaining the identities of the John Doe Defendants. He has therefore filed the present Motion for Alternative Service; Modification of Scheduling Order; and to Show Cause MDOC for Failure to Respond to a Valid Subpoena [ECF No. 20]. For the reasons and under the terms discussed below, the motion will be GRANTED.

## I.    FACTS

After speaking with the DDC's Litigation Coordinator, Plaintiff's process server attempted personal service on Defendant Johnson at the DDC on January 1, 2020. He was informed that the Defendant, identified as Lieutenant Derek Johnson, was currently

employed at the nearby Detroit Reentry Center. However, when the process server arrived at the Reentry Center, he was informed that "Lt. Johnson had been terminated recently and no longer works for the MDOC." *Motion*, ECF No. 20, PageID.91-92. The MDOC confirmed that Johnson's last day was December 11, 2019. The MDOC's Human Resources Manager would not provide Johnson's last known address, "but agreed to mail Plaintiff's Summons and Complaint to Johnson [at] his last known address on file, and confirmed she did mail them to Johnson on January 6, 2020, via USPS Certified Mail, tracking # 7003 2260 0004 7905 5600," and that the envelope was delivered to an address in Wayne, Michigan on January 15, 2020. *Id*. PageID.92.

Through a search of public records, Plaintiff's counsel found a "potential address" in Wayne, Michigan for a Derrick T. Johnson, but discovered that Defendant Johnson did not live at that address. A second public records search located a Derek C. Johnson in the City of Detroit. Based on asset searches, Plaintiff "believes" that is the correct address for the Defendant. *Id*. PageID.92-93. However, Plaintiff's process server unsuccessfully attempted service at that address four times.

In the meantime, Plaintiff made numerous requests to the MDOC and the City of Detroit Law Department to obtain information, culminating in a motion for leave to serve subpoena prior to the commencement of discovery [ECF No. 10]. In that motion, Plaintiff requested an order permitting him to "serve a subpoena on the Detroit Detention Center for documentation that will identify Sergeant Johnson and John Doe Officers 1 and 2, subject to whatever protective order, if any, this Court deems necessary." ECF No. 10, PageID.46-47. On November 25, 2019, the Court granted the motion, ordering that "Plaintiff may issue and serve a subpoena upon the Detroit Detention Center, requesting documentation that will identify Defendant Sergeant Johnson and the John Doe

Defendants." ECF No. 14, PageID.66. The Court did not impose a protective order.

Plaintiff obtained and issued a document subpoena to the Detroit Detention Center, commanding the production, on March 6, 2020, of the following:

> "Complete recordings and/or audio, critical incident reports, supplemental incident reports, witness statements, correspondences, reports, emergency restraint chair (ERC) report logs, (ERC) approval logs, (ERC) logbook entries, investigative reports, internal investigation records, inter-office memoranda, intra-office memoranda, control center logbook entries during the detention of Plaintiff, and all other records regarding Plaintiff while he was held at the Detroit Detention Center beginning 09/01/2016 pertaining to: Tony Williams DOB 02/05/1998." ECF 20-3, PageID.111.

The DDC responded as follows to the subpoena:

> "We are unable to comply with the subpoena as the defendant was or is a current MDOC employee who has not be[en] formally served. The records requested should be sought through the discovery process once the defendant has been properly served." *Id*. PageID.112.

## II.   LEGAL PRINCIPLES RE: SERVICE

F.R.Civ.P. 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." M.C.R. 2.105, which governs service of process in the State of Michigan, provides in relevant part that service may be effected on an individual as follows:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or
>
> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1)-(2).

In addition, M.C.R. 2.105(I) provides for the possibility of alternate service as

follows:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> 2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). Rather, "[a] truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id*. at 919.

### III.  DISCUSSION

Plaintiff asks for alternative service, for enforcement of its subpoena to the DDC, and for an extension of the time for service. There are two general reasons why Plaintiff's motion should be granted. First, regarding Defendant Johnson, Plaintiff has satisfied the requirements for alternative service under M.C.R. 2.105(I). He attempted personal service at both the DDC and the Detroit Reentry Center, only to learn that Johnson was no longer employed by the MDOC. He obtained a commitment from the MDOC's Human Resources manager that the summons and complaint would be sent by certified mail to Johnson's last know address in Wayne, Michigan, but there was no response. Plaintiff attempted personal service at a possible address for in Wayne, but that turned out to not be Johnson's address. He then attempted personal service four times at a likely correct address in Detroit, to no avail. The Plaintiff's motion thus establishes that Johnson's

address was not known with certainty, despite diligent efforts to ascertain it, and that there were diligent and varied attempts to effect service.

Secondly, Plaintiff moved for and obtained an order from this Court to serve a subpoena to obtain discovery regarding the identity of the two John Doe Defendants and Defendant Johnson. Pursuant to that order, Plaintiff in fact served a subpoena to the DDC, which refused to comply, contending that the records "should be sought through the discovery process once the defendant has been properly served." Of course, that response was in direct violation of this Court's order to permit the service of a subpoena on the DDC prior to the commencement of discovery. And while the specific documents requested might seem broad, they are all likely to reveal the identities of the John Doe Defendants as well as additional information that would advance the ability to serve all of the Defendants, including Johnson.

Therefore, Plaintiff's motion will be granted under the following terms:

(1) Within 21 days of the date of this Order, the DDC / MDOC will comply with the subpoena that Plaintiff previously served upon it, and produce the documents requested therein.

(2) The DDC / MDOC will provide Plaintiff's attorney with the last known addresses, and any forwarding addresses of which it is aware, of Defendant Johnson and the two John Doe Defendants, once those two Defendants are identified. The DDC / MDOC will reveal the full name of Defendant Johnson.[1] In addition, the DDC / MDOC will provide Plaintiff's attorney with the work locations of John Doe No. 1 and John Doe No. 2, if those Defendants are still employed by the MDOC. Plaintiff's counsel will not

---

[1] There is some question as to whether the Defendant is Derrick T. Johnson, Derek C. Johnson, or some other Johnson.

disclose the addresses to Plaintiff or any other person, other than his process server. The proofs of service containing those addresses will be filed under seal, and proofs of service filed in the public record will redact those addresses.

(3) Once Plaintiff's attorney receives the information described in ¶¶ (1) and (2), he will attempt personal service on all Defendants based on that information.[2]

(4) If one more attempt at personal service on Defendant Johnson is unsuccessful, Johnson may be served by alternative service. I find that the following method of alternative service on Johnson is reasonably calculated to give that Defendant actual notice of the proceedings and an opportunity to be heard:

> (a) Plaintiff's process server will physically place a summons and complaint in the mailbox at the address provided by the DDC / MDOC, and will also post a copy of the summons and complaint on the door of that address.
>
> (b) Plaintiff's process server will also mail a copy of the summons and complaint to the address provided by the DDC / MDOC, by first-class United States mail.
>
> ( c ) If the address for Johnson that is provided by the DDC / MDOC is not the same as the address in Detroit for Derek C. Johnson, then in addition to (a) and (b), Plaintiff's process server will physically place a summons and complaint in the mailbox at the Detroit address, and will also post a copy of the summons and complaint on the door of that address.

---

[2] If the John Doe Defendants are still employed by the MDOC, Plaintiff may of course attempt personal service at their places of employment. While I am providing for alternative service on Defendant Johnson, I am not doing so for John Doe No. 1 and John Doe No. 2 at this time. If personal service or certified mail service on the John Doe Defendants proves to be unsuccessful, Plaintiff may renew his request for alternative service on those Defendants.

(5) Pursuant to Fed.R.Civ.P. 4(m), the time for service of the summons and complaint is extended to 90 days from the date of this Order.

## IV. CONCLUSION

Under the terms set forth above, Plaintiff's motion [ECF No. 20] is GRANTED.

IT IS SO ORDERED.

Date: October 15,2020

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 15, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager